# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| **United States of America,** Plaintiff, v. **$15,700.00 in United States Currency,** Defendant. | Case No. |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, Timothy A. Garrison, United States Attorney for the Western District of Missouri, and James Curt Bohling, Chief, Monetary Penalties Unit, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(6).

## THE DEFENDANT IN REM

2. The defendant $15,700 in United States currency was seized from Jose Jesus Chavez on September 18, 2015, by the Ozark, Missouri Police Department   It is presently in the custody of the Ozark, Missouri Police Department.   On March 20, 2018, an Order of Transfer was issued by the Court in Greene County, Missouri ordering the defendant $15,700 in United States currency transferred to the custody of the United States.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355 (b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. On September 18, 2015, Ozark, Missouri Police Department (OPD) Officer B. Wilson was cruising through the parking lot of Casey's General Store located at 1950 W. Jackson Street, Ozark, Missouri, when he noticed Jose Jesus Chavez and Jessica Danay Johnson standing near a white Chrysler Concord parked near the front of the business. Wilson could see that Johnson was visibly upset and Chavez appeared to be comforting her. Chavez had Johnson in his arms rocking her back and forth. Wilson

approached the couple and asked if they were okay. Chavez stated they were having car problems. Wilson inquired what type of problems and Chavez stated the vehicle was not running correctly and Johnson's father was on the way to assist.

8. Wilson ran the plate of the vehicle and informed Chavez and Johnson that the license plate on the vehicle did not check back to the vehicle they were driving. Chavez and Johnson insisted that vehicle was registered in both their names. At this point, Wilson asked Chavez and Johnson for identification. A check of their names through NCIC revealed that Johnson's driving privilege had been revoked.

9. Wilson recalled that the vehicle was observed by him three hours before on Highway 65 failing to maintain a single lane. He followed the vehicle that was being driven by Johnson into a McDonald's parking lot at 401 N. 21st Street. Wilson recalled Johnson exit the driver's seat when the vehicle parked at the McDonald's. He did not stop Johnson at the time.

10. While speaking with Chavez and Johnson, Wilson noticed sores on Johnson's face consistent with drug use. Wilson asked Chavez and Johnson if either of them had been arrested or suffered from drug addiction. Both Chavez and Johnson admitted to Wilson previous arrests and convictions.

11. Wilson separated the two and began speaking with Johnson. Wilson explained to Johnson that he believed illegal narcotics were inside the vehicle. Johnson told Wilson that a McDonald's bag in the front passenger floorboard contained marijuana. Johnson said the marijuana belonged to her.

12. Based upon Johnson's statement that illegal narcotics or marijuana was located in the vehicle, Wilson conducted a probable cause

search of the vehicle. Wilson found the McDonald's bag that contained marijuana. He also detected a strong odor of marijuana within the car itself even though he did not find any additional marijuana. This strong odor led Wilson to believe that the odor may be emitting from the trunk of the vehicle where more marijuana may be stored. Wilson obtained the keys of the vehicle and opened the trunk.

13. Wilson observed in the trunk a silver briefcase and a black suitcase, both of which were unlocked. Inside the briefcase, Wilson found a stack of hundred dollar bills secured with a hair-tie. After finding the large amount of cash, Wilson searched the unlocked suitcase and found numerous small individually wrapped plastic baggies containing a white crystal substance resembling methamphetamine weighing approximately 233 grams. In addition, he found one bag containing a brown compact substance (heroin) weighing approximately 28 grams.

14. At the same time Johnson was being questioned by Officer Wilson, Chavez was questioned by another officer who had came on the scene. Chavez told the officer that he was not aware of any illegal items inside the vehicle, but the officer told him he thought he was being dishonest because he kept looking down when giving his answers and was sweating profusely.

15. Chavez never granted or denied consent to search the vehicle. He granted consent to search his person and this revealed two cell phones and $2,000 in cash. Chevez told the officer he owned a car dealership and was going to purchase a vehicle at an automotive auction in Springfield.

16. OPD seized $15,700.00 from the defendants pursuant to CAFA. The Christian County Prosecuting Attorney's Office was notified of the seizure and the OPD executed a CAFA "Notice of Seizure and Forfeiture

Request" form that was sent to the Prosecuting Attorney's Office. As noted, On March 20, 2018, an Order of Transfer was issued by the Court in Greene County, Missouri ordering the defendant $15,700 in United States currency transferred to the custody of the United States.

17.   On June 8, 2016, Jose Jesus Chavez and Jessica Danay Johnson were indicted for possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and for possession with intent to distribute a mixture or substance containing a detectable amount of heroin.

18.   On August 10, 2017, Jessica Danay Johnson plead guilty to possession with intent to distribute a mixture or substance containing a detectable amount of heroin.   She has not yet been sentenced.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

19.   The Plaintiff repeats and incorporates by reference the paragraphs above.

20.   By the foregoing and other acts, defendant $15,700.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

21.   The Plaintiff repeats and incorporates by reference the paragraphs above.

22. By the foregoing and other acts, defendant $15,700.00 in United States currency constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### THIRD CLAIM FOR RELIEF

23. The Plaintiff repeats and incorporates by reference the paragraphs above.

24. By the foregoing and other acts, defendant $15,700.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Timothy A. Garrison
United States Attorney


By: */s/ James Curt Bohling*
James Curt Bohling, #54574
Chief, Monetary Penalties Unit
Assistant United States Attorney

400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: mailto:curt.bohling@usdoj.gov

# **VERIFICATION**

    I, Special Agent Steve Hofer, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the factual matters contained in paragraphs seven through eighteen of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

    The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Drug Enforcement Administration.

    I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated   4/6/18                                  /s/ Steve Hofer
                                                      Steve Hofer
                                                      Special Agent
                                                      Drug Enforcement
                                                      Administration

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**
First Listed Plaintiff:
United States of America ;
**County of Residence:** Greene County

**Defendant(s):**
First Listed Defendant:
$15,700 in United States Currency ;
**County of Residence:** Greene County

**County Where Claim For Relief Arose:** Jackson County

**Plaintiff's Attorney(s):**
Assistant United States Attorney James Curt Bohling ( United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:**
**Fax:**
**Email:** curt.bohling@usodj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
    **Plaintiff:** N/A
    **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 625 Drug-Related Seizure of Property (21 U.S.C. 881)

**Cause of Action:** The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3)

money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act

**Requested in Complaint**

    **Class Action:**  Not filed as a Class Action

    **Monetary Demand (in Thousands):**

    **Jury Demand:**  No

    **Related Cases:**  Is NOT a refiling of a previously dismissed action

---

**Signature:** James Curt Bohling

**Date:**   4/6/18

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.